IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERICA PRESELY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:23-cv-427-ECM |
| | ) [WO] |
| CREDIT ACCEPTANCE CORP., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

On October 27, 2023, Defendant E.J.Y. Enterprises ("EJY") motioned the Court to set aside an entry of default against it by the Clerk. (Doc. 24).  That motion has been fully briefed and is now pending.  Upon consideration of the motion, and for the reasons that follow, the Court concludes that EJY's motion to set aside the entry of default (doc. 24) is due to be GRANTED.

**II.  JURISDICTION**

The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and the jurisdictional grant found in 15 U.S.C. § 1692k(d).  Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama.  *See* 28 U.S.C. § 1391.

**III.  LEGAL STANDARD**

It is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169,

1174 (11th Cir. 1985). Federal Rule of Civil Procedure 55 creates a two-step procedure for obtaining a default judgment against an unresponsive party. When a defendant "has failed to plead or otherwise defend" against claims, and the plaintiff demonstrates that failure, the Clerk must enter the defendant's default. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

## IV.  PROCEDURAL FACTS

Plaintiff Erica Presely ("Presely") filed this action on July 14, 2023 against Defendants Credit Acceptance Corp., MVConnect, LLC, and EJY. (Doc 1). EJY's registered agent was served on July 20, 2023, but EJY failed to file any responsive pleadings before the pleading deadline expired. Presely then applied to the Clerk for an entry of default against it on August 30, 2023. (Doc. 15). A week later, EJY simultaneously filed its answer and a notice opposing the Clerk's entry of default. (Docs. 17 and 18). The following day, EJY filed a lengthier response in opposition to Presely's application for entry of default. (Doc. 21). The Clerk, finding that EJY's answer was untimely and that the arguments in its response addressed matters "within the province of the Court," entered default on EJY on October 19, 2023. (Doc. 23). Eight days later, on October 27, 2023, EJY filed the pending motion to set aside the Clerk's entry of default. (Doc. 24).

## V.  DISCUSSION

Default judgments "are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). Yet, district courts are without power to set aside an entry of default

unless the defaulting party can provide good cause for doing so. Fed. R. Civ. P. 55(c); *see also Afr. Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999). Good cause is a liberal standard, varying from situation to situation. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Importantly, it is less rigorous than the excusable neglect standard employed in setting aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). In analyzing whether good cause exists, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania*, 88 F.3d at 951. Other factors to consider include "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.*

EJY argues that these factors support setting aside the entry of default against it. First, EJY claims that its default was not culpable because it had no actual knowledge of the suit. EJY does not claim that service was insufficient. Rather, it "opposes the entry of default because [it] never received actual notice of such service from CTCS," EJY's registered agent. (Doc. 24 at 2). Instead of receiving service from its agent, EJY received "informal notice" of the suit from another defendant on August 31, 2023, after Presely filed her application for default with the Clerk. (*Id.* at 3). Furthermore, EJY claims that, before receiving informal notice, it "never received any additional filings from this litigation, including Plaintiff's Application" for default because Presely relied on service through CM/ECF while EJY was pro se and without CM/ECF access. (*Id.* at 6). Second, EJY

3

contends that Presely would not be prejudiced from the default because she "would be in the exact same situation as though [EJY] had filed a timely answer." (*Id.* at 7). Next, EJY points to its prompt attempt to correct the error and participate in the litigation before, finally, arguing that it presents at least two meritorious defenses to Presely's Fair Debt Collection Practices Act claim.

Presely opposes setting aside the entry of default, citing to two of the above factors in support. She argues that EJY's default was culpable because service of the complaint was proper and because "[n]o service [of a future filing] is required on a party who is in default for failing to appear." (Doc. 27 at 3). Presely also contends that EJY has no meritorious defense "unless Defendant can show a valid and enforceable security interest on the Vehicle with respect to Plaintiff." (*Id.* at 4). She does not address EJY's arguments related to prejudice or prompt attempts to cure the default.

The Court finds that EJY has shown good cause to set aside the entry of default against it because it did not willfully evade Presely's litigation. Although service was proper on its registered agent, EJY has shown that it failed to receive actual notice, both from the initial service and the subsequent CM/ECF service attempts by Presely.[1] Although EJY filed its answer almost a month late, the record does not suggest willful denial of responsibility. Instead, EJY has adequately justified its delay and displayed its

---

[1] Presely provides caselaw to supports her assertion that service is not required on a party who is in default. (*See* doc. 27 at 3). However, this argument looks past the fact that EJY was *not yet in default* when she relied on CM/ECF to serve the pro se Defendant.

intent to participate in this litigation.  Moreover, EJY has presented meritorious defenses and the Court favors adjudication of cases on the merits.

## VI.  CONCLUSION

Accordingly, it is

ORDERED that the Defendant's motion to set aside the entry of default (doc. 24) is GRANTED.

DONE this 18th day of December, 2023.

                                                /s/ Emily C. Marks  
                                                EMILY C. MARKS  
                                                CHIEF UNITED STATES DISTRICT JUDGE